801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Alexander DIANOPOLIS, a/k/a Sandy, Appellant.
 No. 84-5191.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1986.
Decided Sept. 11, 1986.
 
 Joseph Kiel, on brief, for appellant.
 Lawrence Hooper, Jr., Assistant United States Attorney, for appellee.
 D.Md.
 AFFIRMED.
 Before HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Alexander Dianopolis was indicted in the United States District Court for the District of Maryland for conspiracy to manufacture I-(I-phenylcyclohexl) pyrrolidine ("PCPy"), manufacturing PCPy, multiple counts of distribution and possession with intent to distribute PCPy, and travel in interstate commerce to promote the manufacture and distribution of PCPy. He was later indicted in the United States District Court for the Eastern District of Virginia for conspiracy to manufacture PCPy, attempting to manufacture PCPy, and travel in interstate commerce to promote violations of federal narcotics laws.
 
 
 2
 Dianopolis pleaded guilty to three counts of the Maryland indictment: conspiracy to manufacture PCPy in violation of 21 U.S.C. Sec. 846 (count one), manufacture of PCPy in violation of 21 U.S.C. Sec. 841(a)(1) (count two), and possession with intent to distribute PCPy in violation of 21 U.S.C. Sec. 841(a)(1) (count five). He also pleaded guilty to two counts of the Virginia indictment: conspiracy to manufacture and distribute PCPy in violation of 21 U.S.C. Sec. 846 (count one), and travel in interstate commerce to promote violation of federal narcotics laws in violation of 18 U.S.C. Sec. 1952 (count three).
 
 
 3
 The district court accepted Dianopolis' guilty plea and convicted him. The court sentenced him under the Maryland indictment to imprisonment for terms of ten years (count one), five years with a special parole term of three years (count two), and five years with a special parole term of three years (count five), with all terms to run concurrently. The court sentenced him under the Virginia indictment to terms of ten years (count one) and three years (count three), to run consecutively, with the Virginia sentence to run consecutively to the Maryland sentence.
 
 
 4
 Counsel for Dianopolis has filed a motion and brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), asking permission to withdraw from further representation in this case on the grounds that there are no arguable issues of merit in the appeal. Dianopolis has filed a pro se appellate brief.
 
 
 5
 The brief by Dianopolis' attorney raises two issues. First, he raises the contention that PCPy is not a controlled substance because it was not listed on a schedule of controlled substances. After further review of the relevant regulations, Dianopolis' counsel concedes, correctly, that PCPy was a controlled substance at the time of the defendant's activities. See 21 C.F.R. Sec. 1308.11(d)(23) (1983 and 1984).*
 
 
 6
 Second, counsel contends that the delegation of authority to the Attorney General to schedule drugs is an unconstitutional delegation of legislative power. As Dianopolis' counsel concedes, courts have repeatedly rejected this assertion. See, e.g., Gordon, supra, at 839-41. We agree with their view that the delegation of the authority to schedule drugs is constitutionally permissible.
 
 
 7
 In accordance with the mandate of Anders, we have independently reviewed the record and all pertinent papers. We have found no non-frivolous grounds for Dianopolis' appeal and accordingly affirm the judgment below.
 
 
 8
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing the client in writing of the client's right to petition the United States Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of the client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 9
 Because the record and briefs disclose no reversible error and indicate that oral argument would not aid the decisional process, we dispense with oral argument and affirm the conviction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 In a related vein, Dianopolis contends that the Administrator of the Drug Enforcement Administration ("DEA") of the Department of Justice did not have authority to schedule PCPy as a controlled substance. Specifically, he argues that the Attorney General of the United States delegated his authority under the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("the Act") to the Administrator of the DEA, but "[t]his authority under the Comprehensive Drug Abuse Prevention and Control Act of 1970 does not contain any authorities [sic] to schedule substances."
 In 1970, Congress passed the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236 (codified as amended at 21 U.S.C. Secs. 801 et seq.). Section 201 of the Act provided the Attorney General with the authority to schedule, transfer between schedules or remove any drug or substance from a schedule in accordance with statutory criteria. Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, Title 11, Sec. 201, 84 Stat. 1236, 1245-47 (1970) (codified as amended at 21 U.S.C. Sec. 811). Thus, Dianopolis' argument is meritless. See United States v. Gordon, 580 F.2d 827, 837-41 (5th Cir.1978), cert. denied, 439 U.S. 1051 (1979).